IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

### In July Term, A. D. 1843, being the sixty-eighth year of our Independence.

---

### FORT vs. HUNDLEY.

No averment in the declaration as to the residence of either party, is necessary. A person resident in one county may be sued in another. The case of *Dillard vs. Noel*, 2 *Ark.*, cited and affirmed.

A plea stricken out on motion, and not made part of the record by exception, will not be regarded.

A demurrer in bar of the action is a voluntary abandonment of every defence in abatement.

THIS was an action of debt by petition and summons, determined in the Hempstead Circuit Court, at May term, 1843, before the Hon. JOHN FIELD, one of the circuit judges. Hundley sued Fort and others, the petition following the form prescribed by statute, word for word. Fort only was served, and a discontinuance was regularly entered as to the defendants not served. Fort pleaded that he was a resident citizen of Lafayette county, and ought to have been sued there; and that the plaintiff was not, at the time the suit was brought, nor since that time, a resident of Hempstead county. Hundley, demurred to this, and was sustained. Oyer was then craved by Fort, which was granted by filing the original note, a literal copy of which is set out in the petition. Fort then pleaded that a true copy was not filed with the clerk before summons issued. This plea was stricken out on mo-

tion. Fort then demurred to the petition, was overruled, and judg-
ment *nil dicit* was entered for the plaintiff. Fort brought error.

   *Conway B.*, for plaintiff.

   *Pike & Baldwin*, contra. Every point in this case has been settled
by this court. The suit was properly discontinued as to the defend-
ants not served with process. *Rev. St.* 626, *sec.* 47. The demurrer
to Fort's plea was properly sustained. The plaintiff had a constitu-
tional right to sue Fort where he could find him. *Dillard vs. Noel,*
2 *Ark.* 456. A literal copy of the note was set out in the petition,
and it was not necessary to file any other copy. It became a part of
the record on being filed on oyer. *Bostwick vs. Fleming*, 2 *Ark.*
462. *Yeates vs. Heard, id.* 459.

   The plea stating that no copy had been filed was properly stricken
out; because, according to *Bostwick vs. Fleming*, the statute had been
complied with; but if the plea had been improperly stricken out, Fort
can take no advantage of it here. He did not object to the striking
out, and therefore acquiesced in it. *Day et al. vs. Lafferty*, 4 *Ark.*
450. *Blakemore et al. vs. President and Directors, &c.*, *id.* 454.
Fort abandoned his plea by demurring to the petition. *Wilson vs.
Fowler*, 3 *Ark.* 463.

   The demurrer to the petition was properly overruled. This court
held, in *Dudley vs. Smith*, 2 *Ark.* 365, that a petition, precisely like
the one in this case, was good.

   *By the Court*, RINGO, C. J. The assignment of errors questions
the correctness of the judgment of the court, given upon the demur-
rer to the first plea, and also upon the motion to strike out the second
plea filed, as well as that pronounced on the demurrer to the petition.

   The first plea is clearly within the principles decided by this Court
in the case of *Dillard vs. Noel*, 2 *Ark. Rep.* 456, in relation to the
truth of which our opinion remains unchanged, and therefore we hold
the judgment upon the demurrer to this plea correct.

   The other plea in abatement was stricken out; and not having been
made part of the record in the case, by exception to the opinion of

the Court ordering it to be stricken out, cannot be in any manner regarded by this Court; for, although it is improvidently and improperly transcribed by the clerk as part of the record, it in fact forms no part of it. But if the court below had erred in adjudicating said pleas, the plaintiff in error could derive no advantage whatever therefrom, and could not, in fact, be now permitted to embrace such error in his assignment of errors, or in any manner question the propriety of the judgment thereupon given; because, by subsequently demurring to the action in bar thereof, he voluntarily abandoned every defence in abatement, as has been repeatedly ruled by this Court.

The petition in this case is, in every respect, made out in strict conformity with the form in such case prescribed by the statute, creating the form of remedy. The Legislature was, unquestionably, competent to create or prescribe such remedy, and according to its will dispense with such averments as are required in pleadings governed and prescribed by the common law. This case is not, therefore, within any principle ruled in this Court in the case of *Clary & Webb vs. Morehouse, Adm.*, 3 *Ark. Rep.* 261, nor indeed any of the cases cited by the plaintiff in error. They are all actions in which the form of pleading is, in most respects, prescribed and governed exclusively by the common law, the rules of which have no application whatever to such petition as the present; the form of which is entirely prescribed by statute. There is, therefore, no error in the proceedings and judgment of the Circuit Court in this case. The judgment is, therefore, in all things affirmed with costs.