May Term, 1846.

THE STATE, on the Relation of the INHABITANTS OF CONGRESSIONAL TOWNSHIP, &c., *v.* WRIGHT and Others.

THE STATE v. WRIGHT.

A suit on the bond of a school-commissioner, who had gone out of office, should be brought by the state on the relation of the commissioner's successor.

A school-commissioner is not authorized to pay over interest collected by him on money of a congressional township, except on a draft of the township trustees.

But though he may have paid the money to a person not authorized to receive it, still if he be ready to pay the trustees' draft when presented, his duty on that subject will be discharged.

ERROR to the *Grant* Circuit Court.

Friday, May 29.

BLACKFORD, J.—This was an action of debt brought on the 29th of *August*, 1843, by the state, for the use of the inhabitants of congressional township No. 24 north, in *Grant* county, and is founded on the official bond of one *Wright* as school-commissioner.

The declaration sets out the bond and condition, and assigns breaches. It alleges that *Wright* was elected school-commissioner on the first *Monday* of *August*, 1836; that the bond was given on the 31st of *October*, 1836, and was conditioned for the faithful discharge of the commissioner's duties, &c.; that the commissioner did not faithfully discharge his duties during his continuance in office, and did not, at the expiration of his term of service, pay over to his successor all moneys, &c. It states as a first breach, that the commissioner collected 1,000 dollars of school-funds, the same being interest on money belonging to said township; that on a draft drawn by one *James Trimble*, clerk of the township trustees, in favour of the township treasurer, the commissioner paid 500 dollars of said money to said *Trimble*, who had previously been township treasurer, but whose office, at the time of such payment, had expired. It states as a second breach, that on the 19th of *September*, 1840, two of the township trustees drew upon the school-commissioner of said county in favour of one *Morgan*, then county treasurer, for all moneys of the township in his hands, which draft was duly presented, and the payment of the said 500 dollars, or any part thereof, was refused; that one *Woolman* was elected school-commissioner after the expiration of *Wright's* term of service, and

the last-named draft was presented to him; and that *Wright* failed to pay over to his successor the said sum of 500 dollars.

The breaches were both demurred to, and the demurrers sustained. Final judgment was rendered for the defendants.

*Wright* had gone out of office, as the declaration shows, before the commencement of this suit; and the suit, therefore, should have been brought by the state, on the relation of his successor. The statute in force when the suit was brought enacts, that where any school-commissioner has gone out of office, it shall be lawful for his successor to cause to be brought any suit on the official bond of his predecessor for any violation of the condition of such bond; and that the suit shall be brought in the name of the state of *Indiana*, on the relation of such person as may, by virtue of this act, have power to cause such suit to be brought. Acts of 1843, p. 84. We think, therefore, that this suit, for the use of the inhabitants of the township, cannot be sustained.

But if this objection did not exist, the decision of the Circuit Court would still be correct. *Wright* was not authorized to pay over the money alleged to have been in his hands, except on a draft drawn by the township trustees. R. S. 1838, pp. 511, 526. No such draft is alleged, in either breach, to have been drawn. There is, perhaps, some obscurity on the subject in the second breach, but we understand it to mean that the draft there mentioned was drawn on the successor of *Wright;* and the plaintiff's counsel so views it in his brief. The language must be taken most strongly against the pleader. The plaintiff's counsel contends, that as *Wright* had paid the money to a person not authorized to receive it, no draft was necessary. The answer to that is, that if *Wright* was ready to pay the trustees' draft when presented, his duty on that subject was discharged.

*Per Curiam.*—The judgment is affirmed.

*D. D. Pratt*, for the plaintiff.

*J. Brownlee* and *J. Smith*, for the defendants.