### BYRD ET AL. VS. STATE, USE OF ASHLEY AD., &C.

When several defendants reside in different counties, separate writs of summons may be issued to the counties where they reside, or may be found, without any averment in the declaration as to their residence.   2 *Ark.* 449; 5 *Ib.* 179.

Where, upon settlement and adjustment of the accounts of an administrator, he is removed by the Probate Court, and ordered to pay over to his successor in administration, the amount so ascertained to be in his hands, no demand is necessary; and, if in an action upon the administrator's bond, a demand on a particular day be averred, the plaintiff is not bound to prove it; and a plea denying such demand, tenders an immaterial issue.

A plea of general performance of covenant in an action upon an administrator's bond, is demurrable.   *Martin vs. Royster*, 3 *Eng.* 81.

In an action of debt upon a penal bond, the recovery of the plaintiff is not limited to the amount of the damages laid in the declaration.

*Error to Pulaski Circuit Court.*

Hon. WM. H. FEILD, Circuit Judge.

FOWLER, for the plaintiffs.   Under the order of the Probate Court, a demand on Byrd was necessary in order for the plaintiff to maintain the action; and whenever a previous demand is necessary, it is also necessary to allege it specially in the declaration, with certainty as to time, &c.   *Irwin vs. Wells*, 1 *Mo. Rep.* 13; 1 *Ch. Pl.* 322; *Arch. Civ. Pl.* 168.

The damages in the declaration and writ were laid at one dollar, and it was error to render a judgment for more damages than

claimed. (*Arch. Civ. Pl.* 170; 2 *Ch. Pl.* 15, *in note* 9; 7 *Humph. Rep.* 76; 4 *Litt. Rep.* 265.) And debt, in this case, sounds in damages.

Unless in cases where it is specially authorized by statute, the Circuit Courts cannot legally run their original process beyond the limits of the county where the suit is instituted. (*Auditor vs. Davis*, 2 *Ark. Rep.* 503; 1 *Scam. Rep.* 56, 404; 4 *Ib.* 303.) And our statute was never intended as a license to institute a suit in Pulaski county, and issue one writ to that county against one resident of that county and one resident of Jefferson county, and a separate writ to Jefferson against one resident of Jefferson: and the writs being so issued and served, ought to have been abated. *Bank vs. Terry & Stone*, 13 *Ark.* 390; 1 *Ark.* 463; 3 *Ib.* 343, 125.

The writs were wholly unauthorized without an averment in the declaration of the residences in different counties; and this objection could only be reached by plea in abatement. *Key vs. Collins ad.*, 1 *Scam. Rep.* 403; *Ib.* 547; 1 *Gilm. Rep.* 35; 1 *Ark. Rep.* 463; 2 *Ib.* 190; 2 *Texas Rep.* 246; 11 *Illinois Rep.* 475.

CURRAN, contra. That the pleas in abatement were insufficient, we refer to *Dig.*, ch. 126, secs. 5 *and* 6; *Dillard vs. Noel*, 2 *Ark.* 454; 3 *Ark.* 119; 4 *Ib.* 418.

The statute does not require any special demand or request to entitle an ad. d. b. n. to sue his predecessor in administration for the amount ascertained to be due by the Probate Court and ordered to be paid over. The averment was not necessary—it will be treated as surplusage, and cannot be traversed. *Gould's Pl.*, sec. 171; 2 *East* 333; *Hob.* 208.

It is well settled that under a statute requiring the declaration to contain special breaches of the condition of a penal bond, a general plea of conditions performed, is no answer. *Martin vs. Royster*, 3 *Eng.* 74.

Mr. Justice WALKER delivered the opinion of the Court.

Richard C. Byrd was appointed administrator of the estate of James B. Gladish, deceased, and entered into bond with his co-defendants, his securities, for the faithful performance of his duties as such administrator. Subsequently, upon a settlement with the Probate Court, he was found to be indebted to the estate $1,118. And, thereupon, the Court revoked his letters of administration, appointed Joseph O. Ashley administrator *de bonis non* of said estate, and made an order directing Byrd to pay the $1,118, so remaining in his hands upon settlement, over to Ashley his successor in administration. To recover this sum of money, Ashley has brought this suit upon the official bond of Byrd against himself and securities. The securities severally filed pleas in abatement. First: That separate writs of summons were issued to Pulaski and Jefferson counties; that to Pulaski, containg the names of two of the defendants, who were ordered to be summoned, when, in fact, but one of them resided in that county. The second plea was, in substance, that suit having been commenced in Pulaski county, a separate writ, issued to Jefferson county, against one of the defendants, who was a resident of that county, without averring in the declaration that such defendant resided in Jefferson county. There was also another plea, in abatement, filed by one of the securities, which, however, was intended to present substantially the same question.

The objection to the writs in this case, is not that sustained by this Court to the writs in the case of *Hartley vs. Tunstall et al.,* (3 *Ark.* 119.) In that case, each separate writ was issued, and liable to be served upon all of the defendants, if found by the sheriff to whom directed. This was held to be oppressive and vexatious, and imposing unnecessary costs upon the defendants. But there is no such objection to the writs in this case. The objection here is, in effect, that a defendant, resident of Jefferson county, is not liable to be served with process out of his county, and seems to be predicated upon the ground, assumed in the

23BB

second plea, that where there are two or more defendants in the same suit, who reside in different counties, in order to avail himself of the benefit of the act which authorizes separate writs to-issue to the several counties in which the defendants respectively reside, the plaintiff must aver truly the residence of each of the defendants; so that, where several writs issue, they may, in this respect, correspond with the declaration; and, should the plaintiff fail to make such averment in his declaration, should the writs be issued to several counties, there would be a variance or non-conformity of the writs to the declaration, which would be matter of abatement. However plausible this may appear, the practice in this State has been different, under the sanction of the repeated decisions of this Court. It was held in the case of Dillard vs. Noel, (2 Ark. Rep. 449,) that no averment in the declaration as to the residence of either party is necessary; and also that a resident of one county may be sued in another; and more recently this decision was cited with approbation in the case of Ford vs. Hundley, (5 Ark. Rep. 179.) After setting forth the condition of the administrator's bond, the plaintiff averred that, upon settlement there was found to be a balance in his hands of $1,118, which he was ordered to pay over to plaintiff, and also a demand, on several different days, and refusal to pay. Byrd, by plea, traversed this allegation, at the several times set forth. To which the plaintiff demurred, upon the ground that the plea tendered an immaterial issue, because although there was a demand and refusal averred, yet as such demand was not essential to the plaintiff's recovery, that he was not bound to prove it, and that no material issue could be formed upon it.

In order to determine this question, it becomes necessary to consider the nature of the defendant's liability as administrator. He covenants to do whatever might be required of him by law, or enjoined by the lawful order, sentence or decree of any court of competent jurisdiction. The Probate Court had such jurisdiction, and, in the due exercise thereof, ordered him to pay the specific sum of money ascertained to be in his hands, and due

upon settlement; whereby he became liable to pay a specific sum, a debt due and payable to his successor. No act, on the part of the plaintiff, was necessary to entitle him to this money. He was as much entitled to sue for and recover it, as if it had been a debt due directly to his intestate; and if a demand was necessary, on his part, to entitle him to maintain an action against Byrd, upon the same principle, it would be necessary in all cases where ad · ministrators sue for debts due the estates of their intestates. It is the duty of the debtor to seek out his creditor, and to make payment to him; a readiness and willingness on his part will not excuse him. The debt being due, a right of action accrues to the plaintiff without any duty or act on his part for its recovery, as well in the one case as in the other; and so well established is this doctrine that even if the Probate Court had directed Byrd to pay over the money upon the *request* of the plaintiff, the weight of authority is, that the action could well have been maintained without such request. Thus it has been held that, where a note or bond for the payment of money is made payable on demand, suit may be maintained upon it without demand. The commencement of the action is held to be a demand in law, and the only advantage to the defendant is that, in the absence of a demand before suit brought, he will be only chargeable with interest from the commencement of the suit. *Cotton vs. Revell,* 2 *Bibb.* 101; *Gore vs. Buck,* 1 *Mon.* 209; *Leather's representatives vs. McGlasson,* 3 *Mon.* 224.

The demurrer was properly sustained to Byrd's fourth plea. A plea of general performance of covenant has been repeatedly held by this Court demurrable. *Martin vs. Royster et al.,* 3 *Eng.* 81.

The remaining grounds of error is, that the damages recovered exceed the amount laid in the declaration. This objection is doubtless good in actions *ex delicto,* or where the action sounds in damages. But this was an action of debt upon a penal bond, and although, under our statute, breaches are assigned and damages assessed, still the judgment is rendered in debt for the penalty

of the bond. The verdict of the jury is entered of record with a further judgment for execution for the damages assessed. Thus it will be seen that although there is an ascertainment of damages and an order for execution to levy them, still the form of the action and the judgment are the common law forms in debt, and in such action the recovery of the plaintiff is not limited to the amount of damages laid in the declaration. (1 *Ch. Pl.* 114, 339 418.) Judgment affirmed.

Mr. Chief Justice WATKINS not sitting in this case.